# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ALVERTO GADSON PARKER,       )
                             )
    Claimant,             )
                             )
v.                           )       Case No. CV415-049
                             )
SOCIAL SECURITY              )
ADMINISTRATION, *et al.*,     )
                             )
    Defendants.           )

## ORDER

Proceeding *pro* se, Alverto Gadson Parker seeks judicial review of a Social Security Disability claim.[1] Doc. 1. He also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship.

---

[1] While he also names four individuals and something he calls the "Office of Disability Adjudication," doc. 1 at 1, it is clear from his "Statement of Claim" and his Complaint's attachment that he seeks judicial review of a disability claim. *Id.* at 3, 12.

On his IFP application Parker claims he has no "take home pay or wages." Doc. 2 at 1. He reveals "Disability, or worker's compensation payments," but fails to state what they are and how much he has received in the past 12 months. *Id.* He discloses no other income, no assets, and no living expenses. *Id.* at 2. Nor does he reveal the source of his food, clothing, and shelter. On top of all that, he claims at least three dependents, though -- somehow -- no debts. *Id.*

Wary of such claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[2] this Court demands supplemental information from dubious IFP movants. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying status to Social Security benefits claimant seeking

---

[2] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at * 7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Service*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or otherwise provide court with requisite financial information); *Jackson v. Tucker*, 2014 WL 851438 at * 1 (S.D. Ga. Mar. 5, 2014) ("After further review, the Court is not satisfied with his response. It undeniably costs money to live, and Jackson not only swears he has zero assets of any kind, but that he also supports two children. That's plainly not credible.") (cite omitted); *Kareem v. Home Source Rental*, 966 F. Supp. 2d 1345, 1346 (S.D. Ga. 2013).

To that end, it tolerates no lies. *Ross v. Fogam*, 2011 WL 2516221 at * 1 (S.D. Ga. June 23, 2011) ("Ross, a convicted criminal, chose to burden this Court with falsehoods, not honesty. The Court thus rejects Ross's show cause explanation, as it is clear that he purposefully chose to disguise his filing history and financial status."); *Johnson v. Chisolm*, CV411-127, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss v. Premiere Credit, LLC*, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED

because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court.").[3]

Within 14 days of the date this Order is served, Parker shall file a new IFP application, and shall disclose to the Court the following information:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, cable TV service, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

---

[3] Furthermore, liars face consequences. *See United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *id.*, doc. 47 (guilty verdict), *cited in Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F.Supp.2d 1376, 1378 n. 2 (S.D. Ga. 2012) (collecting sanction cases).

(7) Whether he anticipates any future income within the next year;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate plaintiff's true financial condition. In that regard, he must again declare the facts he pleads to be true under penalty of perjury. If he does not use a preprinted IFP form to respond (hence, if he uses a blank sheet of paper), he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

**SO ORDERED** this _26th_ day of March, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA