# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ALVERTO GADSON PARKER, )
　)
　　Claimant, )
　)
v. ) Case No. CV415-049
　)
SOCIAL SECURITY )
ADMINISTRATION, *et al.*, )
　)
　　Defendants. )

## ORDER

Proceeding *pro* se, Alverto Gadson Parker seeks judicial review of a Social Security Disability claim.[1] Doc. 1. He also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. While a plaintiff need not be absolutely destitute in order to proceed IFP, *Adkins v. E.I. Dupont de Nemours*, 335 U.S. 331, 339 (1948), the fact that financing his own litigation may cause some difficulty is not sufficient to relieve a plaintiff of his obligation to pay his own way where it is possible to do so without undue hardship. Finding his IFP application deficient, the Court directed Parker to file a new IFP application and disclose:

---

[1] While he also names four individuals and something he calls the "Office of Disability Adjudication," doc. 1 at 1, it is clear from his "Statement of Claim" and his Complaint's attachment that he seeks judicial review of a disability claim. *Id.* at 3, 12.

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) Where he gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to same, as owned by another (including a rental company);

(4) Whether he possesses a cellular telephone, cable TV service, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year;

(8) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Doc. 3 at 4-5. Disclosing that information, the Court emphasized, will better illuminate plaintiff's true financial condition. *Id.* at 5.

Parker's response fails to comply with that directive. Doc. 4. The Court will give him 30 more days to answer the above questions, as

already directed by the Court's March 26, 2015 Order. If he fails to do so, his case may be dismissed.

**SO ORDERED,** this 27TH day of April, 2015.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA