# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| ALVERTO GADSON PARKER, | ) |
| | ) |
| Claimant, | ) |
| | ) |
| v. | ) Case No. CV415-049 |
| | ) |
| SOCIAL SECURITY | ) |
| ADMINISTRATION, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Proceeding *pro se*, Alverto Gadson Parker seeks judicial review of a Social Security Disability claim.[1] Doc. 1. He also moves for leave to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. Doc. 2. The Court directed him to supplement his IFP information, doc. 5, and he has complied. Doc. 7. Based upon his representations, the Court **GRANTS** his IFP motion. Doc. 2. His case, however, must be dismissed.

Congress enacted 42 U.S.C. § 405(g) as the sole jurisdictional basis for judicial review in Social Security matters. *See* 42 U.S.C. § 405(h) ("No findings of fact or decision of the Commissioner of Social Security

---

[1] While he also names four individuals and something he calls the "Office of Disability Adjudication," doc. 1 at 1, it is clear from his "Statement of Claim" and his Complaint's attachment that he seeks judicial review of his disability claim, as denied by the Social Security Administration (SSA). *Id.* at 3, 12.

shall be reviewed by any person, tribunal, or governmental agency except as herein provided."); *United States v. Blue Cross & Blue Shield of Ala., Inc.*, 156 F.3d 1098, 1103-05 (11th Cir. 1998); *Rose v. Colvin*, 2014 WL 5034608 at * 2 (S.D. Ga. Oct. 8, 2014). That statute requires plaintiffs like Parker to exhaust the SSA's administrative review process and sue for judicial review within 60 days of "a *final* decision of the Commissioner of Social Security made after a hearing to which [plaintiff] was a party." 42 U.S.C. § 405(g) (emphasis added).[2]

Hence, Parker is required to plead both timeliness and "claim-review" facts. *Pierre v. Comm'r of Soc. Sec.*, 2012 WL 1066811 at * 3

---

[2] Compliance with the 60-day deadline is a critical pleading requirement:

> Because the appeal provision set forth in 42 U.S.C. § 405(g) constitutes a waiver of sovereign immunity, courts must strictly construe the applicable time limit. *Bowen v. City of New York*, 476 U.S. 467, 479, 106 S. Ct. 2022, 90 L.Ed.2d 462 (1986). *See also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (affirming summary judgment in favor of the Commissioner for untimely filing of one day). Accordingly, a complaint appealing the Commissioner's denial of an application for social security benefits must allege the dates of the plaintiff's application(s) and the related denial(s). *Cook v. Astrue*, 2012 WL 812380 at * 3 (E.D.Cal. March 9, 2012); *Sanchez v. Astrue*, 2011 WL 1549307 at * 2–3 (E.D.Cal. 2011). The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome. *Id*; *see also Pierre v. Comm. of Soc. Sec.*, 2012 WL 1066811 at * 3 (S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below).

*Cribbet v. Comm'r of Soc Sec.*, 2012 WL 5308044 at * 2 (E.D. Cal. Oct. 29, 2012), quoted in *Hicks v. Astrue*, 2013 WL 309860 at * 1 (S.D. Ga. Jan. 25, 2013).

(S.D. Fla. 2012) (requiring a plaintiff to allege facts supporting the conclusion that Commissioner rendered a final decision in the application below); *Cribbet*, 2012 WL 5308044 at * 2 ("The plaintiff must also allege that he or she appealed to the Appeals Council, setting forth the application date, the decision date, and the outcome.").

Plaintiff alleges no such facts and, for that matter, nothing of substance. His entire Statement of Claim: "I had so many doctors who told me not to [be] working because of my asthma, lungs and tremble in my body." Doc. 1 at 3. Attached to his Complaint, however, is documentation of his claim review by the SSA. *Id.* at 11-53. That shows he exhausted his SSA administrative appeals on August 28, 2014. *Id.* at 27; *see also id.* at 53. The SSA then warned: "You have 60 days to file a civil action (ask for court review)." *Id.* at 28. He filed this case on February 26, 2015. Doc. 1.

Construing plaintiff's complaint liberally,[3] he alleges that he sought SSA disability benefits and obtained an adverse decision. Yet, he failed to timely seek judicial review. Dismissal therefore is warranted, with no

---

[3] The Court will construe Parker's *pro se* filings liberally, *Smith v. United States*, 420 F. App'x 944, 945 (11th Cir. 2011), but he must still comply with procedural pleading requirements. *Moton v. Cowart*, 631 F.3d 1337, 1341 n. 2 (11th Cir. 2011).

"second chance" pleading justified because Parker's own documentation sinks his claim. *Cf., Cribbet*, 2012 WL 5308044 at * 3 (*sua sponte* granting second chance pleading opportunity where *pro se* SSA claimant failed to plead review denial date and, evidently, attached no documentation on that score). Accordingly, this case should be **DISMISSED WITH PREJUDICE**.

**SO REPORTED AND RECOMMENDED** this  25th  day of June, 2015.

/s/ G.R. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA